## In re MARSON.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2140.

B. G. Foster, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Judge. This is an ex parte appeal from a decision of the Board of Patent Appeals affirming the action of the examiner in rejecting claims 1, 2, 3, and 4 made by appellant for a patent for a claimed invention of a folding chair.

The application in the form first rejected by the examiner rested upon three claims, which read as follows:

"1. A folding chair comprising front leg members, a back pivoted at its upper end to and between the upper end portions of the front leg members, rear legs pivoted at their upper ends to intermediate portions of the front leg members and being located at the inner sides of the same, a seat having its

main body extending between and pivoted directly to the front leg members below the upper ends of the rear legs, the rear end of the main body of said seat being reduced in width and located between the upper ends of the rear legs, sliding connections between said reduced rear end of the main body of the seat and the rear legs, and sliding connections between the lower end of the back and the rear legs between the pivotal connections and the sliding connections of the seat therewith.

"2. A folding chair comprising front leg members, a back pivoted at its upper end to and between the upper end portions of the front leg members, rear legs pivoted at their upper ends to intermediate portions of the front leg members and being located at the inner sides of the same, a seat having its main body extending between and pivoted directly to the front leg members below the upper ends of the rear legs, said rear legs having longitudinal slots and the rear end of the seat having lugs slidable in the slots, and sliding sleeve connections between the lower end of the back and the upper ends of the rear legs above the slots.

"3. A folding chair, comprising front leg members, a back pivoted at its upper end to and between the upper end portions of the front leg members, rear legs pivoted at their upper ends to intermediate portions of the front leg members and being located at the inner sides of the same, a seat having its main body extending between and pivoted directly to the front leg members below the upper ends of the rear legs, said rear legs having longitudinal slots and the rear end of the main body of the seat being reduced in width and extending between the rear legs, said reduced portions having outstanding lugs slidable in the slots, the lower end of the back being reduced in width and 'extending between the upper ends of the rear legs above the seat, and sliding sleeve connections between the reduced lower end of the back and the upper end of the rear legs above the slots and the seat."

These were rejected upon three prior patents, to wit: Wolfe, No. 1,284,528, November 12, 1918; Travers, No. 1,396,794, November 15, 1921; Decker, No. 274,730, March 27, 1883.

The final decision by the examiner as to these three claims was rendered September 1, 1925. An appeal was taken to the Board, and, while same was pending, it was discovered that a patent, No. 1,609,689, had been issued on December 7, 1926, to George H. Bugenhagen, which was and is claimed to contain subject-matter that constitutes an interference with appellant's application. Appellant, on May 27, 1927, filed a petition, asking that the case be withdrawn temporarily from appeal, and that an amendment adding an additional claim as No. 4 be entered. This claim reads: "4. A folding chair, comprising rigid side bars extending throughout the length of the chair, brace legs pivoted thereto adjacent the centers thereof, a seat between and pivoted to said bars in a plane below the pivotal connection of the brace legs to the bars, a back between and pivoted at its upper end to said side bars, links pivotally connecting said back and brace legs, and means for limiting movement of the seat in one direction."

By direction of the Acting Commissioner, the petition was allowed to the extent necessary for the requisite procedure in the Patent Office, and the proposed amendment was directed to be entered and the examiners in chief authorized to consider it in connection with the claims on appeal. The examiner rejected the claim made by this amendment and on October 6, 1927, the appeal having been prosecuted, the Board of Appeals affirmed the decision of the examiner upon all four claims, and from this decision the present appeal has been taken, bringing the matter before this court.

Error is assigned upon the rejection of all four claims, but appellant here argues that the issue revolves primarily about claim No. 4, and involves the question whether claim No. 1, in the Bugenhagen patent, embraces subject-matter that constitutes an interference with appellant's application which was filed prior to the Bugenhagen application.

Appellant's claim 4 inserted by way of amendment is in the exact language of Bugenhagen's claim 1. Discussing it the Board of Appeals, in its decision, says: "Applicant has copied a claim from the patent to Bugenhagen, No. 1,609,689, with a view to an interference. This claim was rejected as not supported by applicant's disclosure. In Bugenhagen the lower end of the back is connected to the rear legs by links 30, 31 and these links are an element of the claim. In applicant's chair the back is connected to the rear legs by the pivoted sleeve 23 sliding on the lower portion of the back. The Examiner holds that the term links in the claim is not broad enough to cover the pivoted sleeves 23. The word 'link' is sometimes used very broadly to cover any connection or joining of parts together but when used to define a mechanical struc-

ture it is generally understood to refer to a bar pivoted at each end to other parts of the structure. The Examiner holds that it was used in this sense in allowing the Bugenhagen claim and if construed more broadly the claim would not be patentable over Wolfe of record. However this may be we are of the opinion that the word has a well understood meaning in the art and cannot be broadened to cover any and all forms of pivotal connections. In considering the right of a party to make a claim we are not concerned with the question of equivalents and if the structures were held to be equivalents, the patent to Wolfe would be a reference for both."

It seems, from a study of the decisions of the examiner and the Board of Appeals, that they differentiated between the devices referred to in the Bugenhagen claim as links and those which they refer to in appellant's application as "sliding and pivoted sleeves." Relative to the former, the examiner says: "The links are links 30 and 31 of Bugenhagen, shown clearly in his Fig. 1 as elongated elements pivoted at one end to the back 29 and at the other end to brace legs 18 and 19, respectively." Of the latter he says: "Instead of these (links as immediately above described) applicant discloses sleeves 22 which are pivoted to the respective brace legs 5 and 6 by pivot 25 and have flanges 23, 24 slidingly embracing the lateral edges respectively of the back 14."

We are not convinced that the "sliding and pivoted sleeves" of appellant's claim are so nearly identical with the "links" of the Bugenhagen patent as to justify us in holding that claim 4 of appellant, which was claim 1 of Bugenhagen, covers the device and entitles appellant to have the Bugenhagen patent declared an Interference.

We do think, however, that sliding and pivoted sleeve means, as claimed by appellant in claims 1, 2, and 3, constitute invention, and that he is entitled to patent thereon under the record before us.

The Board of Appeals, while stating in effect that they do not read directly upon Wolfe or upon any single reference, suggest that certain modifications may be made by substituting the seat supporting construction of Travers for that of Wolfe, so that the claims will be anticipated, and that such substitution does not involve invention.

We think that in deducing this suggestion the Board has overlooked the fact that in the sliding operation of the sleeves there is presented a feature which does not appear in either of the references cited, nor,

so far as we can determine, is it even suggested by them.

We have held with the Board that the sliding sleeves are not sufficiently similar to the Bugenhagen links to justify the declaration of an interference. We think they differ quite as much from any of the analogous parts of the reference patents as they do from the Bugenhagen links. In re Levy, 55 App. D. C. 137, 2 F.(2d) 939, 940, the court said: "However, it appears from the Examiner's answer, as well as from appellant's brief, that some modification of the references at least is essential in order to literally meet the terms of the appealed claims. * * * It appearing that the Assistant Commissioner failed to give these claims the broad interpretation of which they reasonably were capable, and that when so interpreted they probably would have been allowable to the applicant, we follow our usual course and resolve any doubt in applicant's favor."

It appears to us that the "sliding and pivoted sleeve" feature involved in claims 1, 2, and 3 is patentable.

The decision of the Board is affirmed as to claim 4 and reversed as to claims 1, 2, and 3.